Roger **MATTES**, as Trustee in Bankruptcy of Carpet Center, Inc., Bankrupt,

v.

**AMERICAN ACCEPTANCE CORPORATION** and **Bigelow-Sanford Carpet Company, Inc.**

Civ. A. No. 5415.

United States District Court
M. D. Pennsylvania.

June 14, 1961.

Joseph E. Gallagher, Scranton, Pa., for plaintiff.

Reynolds, Reynolds & Doran, Wilkes-Barre, Pa., Jenkins, Bennett & Jenkins, Philadelphia, Pa., for defendants.

JOHN W. MURPHY, Chief Judge.

In this non-jury proceeding plaintiff as trustee in bankruptcy of Carpet Center, Inc.,[1] seeks to recover alleged prefer-

---

1. Carpet Center, a Pennsylvania corporation, filed a voluntary petition in bankruptcy October 16, 1953, and was adjudicated a bankrupt on October 19, 1953. Engaged in the business of selling floor coverings it had its principal office in Scranton, Pennsylvania; a retail outlet in Silver Spring, Maryland.

ences allowed in violation of § 60 of the Bankruptcy Act as amended, 11 U.S.C.A. § 96.[2]

December 1, 1950, Carpet Center, as a borrower, entered into a Limited Factor Lien Agreement with American Acceptance Corporation, a factor, and Bigelow-Sanford Carpet Company, Inc., a supplier. In return for advances made by American to enable Carpet Center to purchase carpets from Bigelow, American, as security, was to have a factor's lien upon all merchandise purchased and accounts receivable created as a result of sales thereof as permitted by applicable Maryland law. Carpet Center agreed as agent for American to collect all proceeds arising from sales and accounts receivable, to hold such funds in trust in a separate account without mingling with other funds, and to make monthly remittances to American.[3] See and cf. In re Nizolek Furniture & Carpet Co., D.C.D. N.J.1947, 71 F.Supp. 1012, 1015–1016, affirmed 3 Cir., 165 F.2d 788. Such an account was opened. American policed and audited the account.

April 30, 1951, because of common ownership and the advantages of consolidation, a supplemental superseding Factor Lien Agreement was entered into between American, Bigelow, Carpet Center and Carpet Mart, Inc. The agreement provided inter alia that Carpet Mart would purchase from Bigelow for its own use and on behalf of Carpet Center and resell to the latter at cost.

In due course memoranda of lien were filed and notices recorded in the appropriate offices in Maryland and Pennsylvania. Carpet Center's accounts receivable ledger reflected the interest of American.

By reason of sundry defaults in the Factor Lien Agreement and notes given in connection therewith, merchandise located in the Silver Spring store [4] subject to lien was repossessed by American on October 13, 1953, and on December 28, 1953, pursuant to notice, sold at private sale to Bigelow.[5]

Under applicable state law,[6] which determines when a transfer is perfected for purposes of § 60 sub. a of the Bankruptcy Act, see McKenzie v. Irving Trust Co., 1945, 323 U.S. 365, 369–370, 65 S.Ct. 405, 89 L.Ed. 305, defendant acquired a continuing general lien effective against subsequent lien creditors from the time of recording, on all merchandise described in the lien agreement and in separate written statements, and on the proceeds resulting from the sale of such merchandise, i. e., the accounts receivable, whether in existence at the time of

---

2. "Sub. a (1) A preference is a transfer * * * of * * * property of a debtor to or for the benefit of a creditor for or on account of an antecedent debt, made or suffered by such debtor while insolvent and within four months before * * * filing * * * petition initiating a proceeding under this title, the effect of which transfer will be to enable such creditor to obtain a greater percentage of his debt than some other creditor of the same class. * * *

"(b) Any such preference may be avoided by the trustee if the creditor receiving it * * * or his agent acting with reference thereto has, at the time when the transfer is made, reasonable cause to believe that the debtor is insolvent. * * *"

3. On the same date a similar agreement, as permitted by applicable Pennsylvania law, was made between American, Bigelow and Carpet Mart, Inc.—a Pennsylvania corporation having separate books and records but sharing the same office and having a common ownership with Carpet Center. Carpet Mart had a retail outlet in Wilkes-Barre and in Philadelphia.

4. Market price $15,404.49. See Mansfield Lumber Co. v. Sternberg, 8 Cir. 1930, 38 F.2d 614, 618.

5. By agreement Bigelow was dismissed as a party defendant. Plaintiff did not press its claim against American for conversion or substantiate its claim as to any discrepancy in the balance due.

6. Maryland, the situs of the merchandise at the time of the transfer, see and cf. Swetnam v. Edmund Wright Ginsberg Corp., 2 Cir. 1942, 128 F.2d 1, 2, note 1 and Restatement, Conflicts, § 279; Pennsylvania, the place of assigning accounts receivable, see and cf. In re Rosen, 3 Cir. 1946, 157 F.2d 997, 999.

execution of the agreement or subsequently acquired by the bankrupt. See Maryland Factors Lien Act, June 1, 1945, L.1945, Chap. 1019, Art. 2, §§ 21–27, Ann. Code of Maryland, as amended April 27, 1951, L.1951, Chap. 583; Pennsylvania Factors Lien Act, June 10, 1947, P.L. 529, §§ 1–10, as amended April 1, 1949, P.L. 391, 6 P.S. §§ 221–229.[7] In accordance with § 60 sub. a (2) the transfer and assignments are deemed to have been perfected at the time American's lien became effective against subsequent lien creditors, i. e., upon recording, prior to the four month period, and are therefore not preferential under § 60 sub. a (1). See 3 Collier, Bankruptcy (14th Ed. 1956) Par. 60.39, p. 912; Id. Par. 60.48, pp. 966, 967; and see legislative history in re amendment to § 60, Vol. 2, 1950 U.S.Code Congressional Service, p. 1985 et seq.

The evidence establishes compliance by defendant in all respects with the lien agreements and applicable state law. The trustee, having the burden of proof, Cohen v. Sutherland, 2 Cir. 1958, 257 F. 2d 737, 740, failed to show purchases by bankrupt directly from Bigelow subsequent to April 30, 1951, contrary to the supplemental agreement. There was uncontradicted testimony that a sign designating defendant as factor was posted conspicuously at the main office of Carpet Center throughout the period in question, as required by § 2 of the Pennsylvania Act, supra. § 7, Id., relieved defendant of the necessity of complying with the provisions of the Pennsylvania "book marking" statute.[8]

In view of substantial evidence demonstrating adequate "policing" of accounts and dominion by defendant over the property subject to the lien, plaintiff's alternative claim, raised for the first time after trial, that the assignment of accounts was fraudulent as a matter of law under the doctrine of Benedict v. Ratner, 1925, 268 U.S. 353, 45 S.Ct. 566, 69 L.Ed. 991, is without merit. See and cf. In re New Haven Clock & Watch Co., 2 Cir., 1958, 253 F.2d 577, 579–581; In re Nizolek Furniture & Carpet Co., supra, Id.; Bloch v. Mill Factors Corp., 2 Cir. 1943, 134 F.2d 562, 563–564.

For the foregoing reasons, judgment will be entered in favor of American Acceptance Corporation, defendant, and against Roger Mattes as Trustee in Bankruptcy of Carpet Center, Inc.

---

7. Since repealed, April 6, 1953, P.L. 3, § 10–102, 12A P.S. § 10–102, nothing in the Act indicates it applied only to accounts receivable arising out of sales of merchandise within Pennsylvania.

8. Act of July 31, 1941, P.L. 606, 69 P.S. §§ 561–563, repealed April 6, 1953, P.L. 3, § 10–102, 12A P.S. § 10–102.